U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED
AUG 18 1989
CHRIS R. JOHNSON,
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

W. T. DAVIS, Individually,
and on Behalf of a Class of Taxpayers
of Garland County, Arkansas, Similarly
Situated, and the GARLAND COUNTY CHAPTER
OF THE N.A.A.C.P.                                              PLAINTIFFS

VS.                    NO. 89-6088

HOT SPRINGS SCHOOL DISTRICT, STATE OF
ARKANSAS, ARKANSAS STATE BOARD OF
EDUCATION, and EARLE LOVE, Individually,
and as a Member of the Arkansas State
Board of Education, L. D. HARRIS, Individually,
and as a Member of the Arkansas State Board
of Education, JEFF STARLING, Individually,
and as a Member of the Arkansas State Board
of Education, ROBERT L. NEWTON, Individually,
and as a Member of the Arkansas State Board
of Education, DR. HARRY P. MCDONALD,
Individually, and as a Member of the Arkansas
State Board of Education, RAE PERRY, Individually,
and as a Member of the Arkansas State Board of
Education, ELAINE SCOTT, Individually, and as
a Member of the Arkansas State Board of Education,
WALTER TURNBOW, Individually, and as a Member of
the Arkansas State Board of Education, NANCY WOOD,
Individually, and as a Member of the Arkansas
State Board of Education; GARLAND COUNTY BOARD OF
EDUCATION, and VAN SMITH, Individually, and as a
Member of the Garland County Board of Education,
CARL JOHNSON, Individually, and as a Member of
the Garland County Board of Education, FLORA
KIMBALL, Individually, and as a Member of the
Garland County Board of Education, IRA LIVERS,
Individually, and as a Member of the Garland
County Board of Education, JOHN WAINSCOTT,
Individually, and as a Member of the Garland County
Board of Education, E. T. SHUFFIELD, Individually,
and as a Member of the Garland County Board of
Education; CUTTER MORNING STAR SCHOOL DISTRICT,
FOUNTAIN LAKE SCHOOL DISTRICT, JESSIEVILLE SCHOOL
DISTRICT, LAKE HAMILTON SCHOOL DISTRICT, LAKESIDE
SCHOOL DISTRICT, and MOUNTAIN PINE SCHOOL DISTRICT   DEFENDANTS

## COMPLAINT

Come now the Plaintiffs, W. T. DAVIS, Individually, and on

Behalf of a Class of Taxpayers of Garland County, Arkansas,

Page Two

Similarly Situated, and the GARLAND COUNTY CHAPTER OF THE N.A.A.C.P., they state and allege:

## JURISDICTION

1. This cause of action has been brought to redress the deprivation under color of state law of the rights, privileges, and immunities secured by the United States Constitution, and the laws of the State of Arkansas and the United States, to children in the schools districts of Garland County, Arkansas. This cause of action seeks declaratory and injunctive relief, and is brought to prevent waste of taxpayers money, and to seek an secure a better public education for all children of Garland County, Arkansas, and to end practices which promote segregation and increase the burden on the taxpayers of Garland County, Arkansas, and the State of Arkansas.

2. The jurisdiction of this Court invoked under the authority of **28 U.S.C. Sections 1331(a), 1343(3) and 1343(4), 28 U.S.C. Sections 2201 and 2202.** This cause of action arises specifically under **42 U.S.C. Sections 1981, 1983, 1988 and 2000(d),** and the **Fourteenth Amendment** to the Constitution of the United States of America.

3. That the Plaintiff, W. T. DAVIS, is an individual, and a citizen and resident of Garland County, Arkansas who brings this cause of action on behalf of himself, and all other individuals similarly situated that are too numerous to name in this cause of action, as there are questions of law and fact common to each individual. W. T. DAVIS will fairly represent, and adequately

protect the interest of this class.

4. The Plaintiffs ask this Court to certify this cause of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The Plaintiff, N.A.A.C.P., is an organization composed of citizens who are dedicated to the advancement of equality among all people and to encourage the desegregation of public facilities, including the school systems and school districts. The N.A.A.C.P. is an organization with a membership in Garland County, Arkansas, and its members pay taxes to support the school system of Garland County, Arkansas.

6. The Defendant, STATE OF ARKANSAS, maintains and finances a free public education for school age children within the State of Arkansas. The Constitution of the State of Arkansas, under Article XIV, establishes that this Defendant will finance a free public education, and such financing will be by monies received and collected from the taxpayers of the State of Arkansas.

7. That the Defendant, ARKANSAS STATE BOARD OF EDUCATION, has the general supervision of the public schools within the State of Arkansas, pursuant to **A.C.A. Section 6-11-105.**

8. The Defendant, HOT SPRINGS SCHOOL DISTRICT NO. 6, is a corporate body organized under the laws of the State of Arkansas with certain authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

9. The Defendant, CUTTER MORNING STAR SCHOOL DISTRICT, is a

corporate body organized under the laws of the State of Arkansas with certain authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

10. The Defendant, FOUNTAIN LAKE SCHOOL DISTRICT, is a corporate body organized under the laws of the State of Arkansas with certain authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

11. The Defendant, JESSIEVILLE SCHOOL DISTRICT, is a corporate body organized under the laws of the State of Arkansas with certain authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

12. The Defendant, LAKE HAMILTON SCHOOL DISTRICT, is a corporate body organized under the laws of the State of Arkansas with certain authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

13. The Defendant, LAKESIDE SCHOOL DISTRICT, is a corporate body organized under the laws of the State of Arkansas with certain authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

14. The Defendant, MOUNTAIN PINE, is a corporate body organized under the laws of the State of Arkansas with certain

Page Five

authority delegated from the State to supervise the instruction of pupils residing within their geographic boundaries within Garland County, Arkansas.

15. The Defendant, GARLAND COUNTY BOARD OF EDUCATION, is a body corporation created under the laws of the State of Arkansas. It is the basic political unit governing the operation of schools in Garland County, Arkansas. It has the power and responsibility of forming school districts, changing the boundary lines of school districts, annexing territory of school districts to that of other districts, performing all other functions regarding change in school districts, and apportioning funds among school districts in Garland County, Arkansas.

16. That the Defendants, EARLE LOVE, L. D. HARRIS, JEFF STARLING, ROBERT L. NEWTON, DR. HARRY P. MCDONALD, RAE PERRY, ELAINE SCOTT, WALTER TURNBOW and NANCY WOOD, are members of the Defendant, ARKANSAS STATE BOARD OF EDUCATION. The Defendants, VAN SMITH, CARL JOHNSON, FLORA KIMBALL, IRA LIVERS, JOHN WAINSCOTT and E. T. SHUFFIELD, are members of the Defendant, GARLAND COUNTY BOARD OF EDUCATION. All of the foregoing Defendants are jointly and severally liable for the creation, maintenance, and perpetuation of the school system of public education in Garland County, Arkansas.

## FACTS

17. For many years, Garland County maintained or condoned a racially segregated structure of public education under the color of state law. Black children were segregated by law from white

children in the elementary and secondary schools, and were forced to attend public schools which were all, or predominately black, regardless of school districts or city boundaries. The black high school was known as Langston High School, and regardless of where the black student would live, when he became high school age, he was transported or required to transport himself, often across district lines, to the "black school" which at the time was Langston High School.

18. The State of Arkansas had, at that time, a number of state laws which permitted and effect supported the transfer of these black children from one school district to another to maintain a segregated public education program, and such was operated under color of state law and adopted in Garland County on a county wide basis. This same racially dual structure of public education was established and operated for the elementary schools, and again, was operated under color of state law, and implemented on a county wide basis in Garland County, Arkansas.

19. The Defendants, STATE OF ARKANSAS, HOT SPRINGS SCHOOL DISTRICT, ARKANSAS STATE BOARD OF EDUCATION, GARLAND COUNTY BOARD OF EDUCATION, CUTTER MORNING STAR SCHOOL DISTRICT, FOUNTAIN LAKE SCHOOL DISTRICT, JESSIEVILLE SCHOOL DISTRICT, LAKE HAMILTON SCHOOL DISTRICT, LAKESIDE SCHOOL DISTRICT, and MOUNTAIN PINE SCHOOL DISTRICT, supported, supervised and funded this system of segregated schools, and the STATE OF ARKANSAS, through its officials, and its public political subdivisions and municipal entities, provided funds and educational services on a

Page Seven

segregated basis, and in a manner that disadvantaged black students, faculty, and schools in Garland County. The Plaintiffs submit that at that time the black schools were maintained at an inferior quality of education, and conducted in inferior facilities.

20. That the Plaintiffs submit that the black schools were also distinguishable by the fact that they had black faculties, and that the white schools, within the school districts of Garland County, Arkansas, had racially identifiable white faculties.

21. That the Defendants, STATE OF ARKANSAS, HOT SPRINGS SCHOOL DISTRICT, ARKANSAS STATE BOARD OF EDUCATION, GARLAND COUNTY BOARD OF EDUCATION, CUTTER MORNING STAR SCHOOL DISTRICT, FOUNTAIN LAKE SCHOOL DISTRICT, JESSIEVILLE SCHOOL DISTRICT, LAKE HAMILTON SCHOOL DISTRICT, LAKESIDE SCHOOL DISTRICT, and MOUNTAIN PINE SCHOOL DISTRICT, have been directed by Congressional acts and United States Supreme Court decisions to prevent segregation and have integrated the public schools in the City of Hot Springs, Arkansas. Noticeably, the school districts in Garland County, Arkansas, other than the HOT SPRINGS SCHOOL DISTRICT, are predominately white, and enjoy a growth in both population and financial benefits to the district that exceeds that of the HOT SPRINGS SCHOOL DISTRICT, which is fully integrated.

22. That the Plaintiffs submit that there are at the present time seven (7) school districts within Garland County, Arkansas, which administer and conduct supervision of public education to

Page Eight

approximately eleven thousand (11,000) school students. These seven (7) separate and distinct school districts, are supervised and governed by seven (7) individual superintendents which have separate administrative staffs, faculties, teachers, facilities, and resources. The superintendents salaries alone in these seven (7) districts total $334,735.00. In contrast, Pulaski County, the largest county within the State of Arkansas, has only three (3) school districts administering and supervising the public education of approximately fifty-five thousand (55,000) public school students, and in 1988, had a total expenditure to its three (3) superintendents of $195,493.00. The LAKE HAMILTON SCHOOL DISTRICT, LAKESIDE SCHOOL DISTRICT, CUTTER MORNING STAR SCHOOL DISTRICT, FOUNTAIN LAKE SCHOOL DISTRICT, and JESSIEVILE SCHOOL DISTRICT, are primarily, and for the most part, white schools with white faculties and teachers. The manner of operating seven (7) different school districts to administer to eleven thousand (11,000) public school students is uneconomical, inefficient, and tends to promote the segregation practices in view of the fact that the primarily white districts can provide better resources, facilities, and educational advantages due to the fact that there has been a "white flight" from the HOT SPRINGS SCHOOL DISTRICT, leaving the individual districts in a far superior financial condition than that of the City of Hot Springs, Arkansas.

23. That the Plaintiffs submit that the residential segregation in Garland County, Arkansas, has occurred as a

Page Nine

result of real estate practices, including steering, use of bills of assurances, builder approval, architectural approval, and right of first refusal to prevent black ownership in areas outside of the inner city of Hot Springs, Arkansas. Unfortunately, the creation of the individual school districts in these areas enhances segregation and disadvantages occur, and will continue to occur to the black students.

24. That the Plaintiffs submit that the school districts of Garland County, Arkansas, should be ordered consolidated, and that this Court should declare that the practice of seven (7) separate and distinct school districts encourages and continues the practice of segregation and disadvantage to the black students.

25. The benefits of school district consolidation would be at a tremendous cost savings to the taxpayers of Garland County, Arkansas, and a savings to the State of Arkansas. A unified school district administered by one (1) superintendent and his staff would be able to offer more comprehensive programs, particularly at the secondary level, and would allow for the provision of more specialized services. Obviously, a consolidation of these school districts would create an administration that was easier to staff, and would provide a more economical and efficient operation resulting in the fuller utilization of facilities and teachers. Certainly, savings would be realized and incurred by bulk purchasing, combined transportation costs, and would allow of the public school

Page Ten

students the same opportunities at various programs, enhancing each individuals opportunity for an equal education.

26. That the Plaintiffs submit that teachers salaries within the seven (7) different district vary extensively, and in the areas that are benefiting from growth, and what has been described as a "white flight", where there are racially identifiable schools, teachers salaries are increasing at a far greater rate, obviously encouraging and promoting the better and more qualified teachers to apply for and take positions at the white schools, as opposed to the schools in which the black students are attending.

27. The consolidation of schools in Garland County would allow each student an opportunity at teachers of the same class and ability.

28. That the Plaintiffs submit that the actions of the Defendants thus far, in the maintenance of the school system within Garland County, Arkansas, is discriminatory, and creates discriminatory faculties and administration, as well as a discriminatory allocation of resources in the public school system.

29. That the Plaintiffs submit to the Court that the City Limits of the City of Hot Springs have expanded over the last fifteen (15) years, but, the school districts remain the same, and even with proposed expansion and annexation of the City of Hot Springs, no effort has been made toward changing the school district lines, thus maintaining the discriminatory practices.

Page Eleven

30. That the Plaintiffs ask this Honorable Court to order that the discriminatory practices of the public school education in Garland County, Arkansas, cease and desist, and that the Court order created, and create, one public school system governed by one administration, and consolidate the school system of Garland County, Arkansas, in order to prevent the continued waste of taxpayers money for purposes that are inducive through the creation and maintenance of racially identifiable schools.

WHEREFORE, the Plaintiffs respectfully request that this Court enter and declare the following:

Page Eleven

1. Pursuant to **28 U.S.C. Section 2201**, that the Defendants and their predecessors created, and have maintained, and continued to maintain and perpetuate racially identifiable schools of public education throughout Garland County, Arkansas, in violation of the Fourteenth Amendment to the Constitution of the United States of America, and **42 U.S.C. Section 1981-83, and 2000(d);**

2. Enter an Order requiring the Defendants, identified herein, their successors in office, agents, employees, and all persons in active concert of particpation with them, to cease their illegal and unconstitutional conduct, and to develop and implement and consolidate the school system within Garland County, Arkansas, in order that there be

Page Twelve

    one school district providing equal faculty, facilities and resources to all students regardless of race, color or creed. That the Defendants be ordered to develop such a plan to the maximum extent practicable, to see that qualified and capable teachers, and equal resources be provided to all students, whether their registration include white or black students. The plan should include the reorganization within the consolidated school district of the school facilities and staff, and procedures for nondiscrimination in classroom and program assignments, and in discipline, and compensatory programs to overcome the effects and past discrimination, and such other provisions and programs as are needed to eliminate the remaining vestiges of segregation in the schools in Garland County, Arkansas. Finally, the plan should be designed and administered in a manner that shall be fair, equitable, and racially nondiscriminatory to all of the students and citizens in Garland County;

3. that this Court should enter an Order pursuant to **42 U.S.C. Section 1988**, allowing Plaintiffs costs and reasonable attorney fees in prose-

Page Thirteen

    cuting this suit, taking into consideration the totality of the circumstances involved in bringing this type of litigation;

4. that the Court should grant all other just and proper relief to which it finds just and proper.

                          W. T. DAVIS, et al, Plaintiffs

By: _____
     Q. BYRUM HURST, JR.
     Attorney for Plaintiffs
     201 Woodbine
     Hot Springs, Arkansas 71901
     (501) 623-2565