U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
F I L E D

OCT 13 1989

CHRIS R. JOHNSON, Clerk
By [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

W. T. DAVIS, Individually
and on Behalf of a Class of Taxpayers
of Garland County, Arkansas, Similarly
Situated, and the Garland County Chapter
of the N.A.A.C.P.     PLAINTIFFS

VS.     NO. 89-6088

HOT SPRINGS SCHOOL DISTRICT, STATE OF
ARKANSAS, ARKANSAS STATE BOARD OF
EDUCATION, and EARLE LOVE, Individually,
and as a Member of the Arkansas State
Board of Education, L. D. HARRIS, Individually,
and as a Member of the Arkansas State Board
of Education, JEFF STARLING, Individually,
and as a Member of the Arkansas State Board
of Education, ROBERT L. NEWTON, Individually,
and as a Member of the Arkansas State Board
of Education, DR. HARRY P. MCDONALD,
Individually, and as a Member of the Arkansas
State Board of Education, RAE PERRY, Individually
and as a Member of the Arkansas State Board of
Education, ELAINE SCOTT, Individually, and as a
Member of the Arkansas State Board of Education,
WALTER TURNBOW, Individually, and as a Member of
the Arkansas State Board of Education, NANCY WOOD,
Individually, and as a Member of the Arkansas
State Board of Education; GARLAND COUNTY BOARD OF
EDUCATION, and VAN SMITH, Individually, and as a
Member of the Garland County Board of Education,
CARL JOHNSON, Individually, and as a Member of
the Garland County Board of Education, FLORA KIMBALL,
Individually, and as a Member of the Garland County Board
of Education, IRA LIVERS, Individually, and as a Member of
the Garland County Board of Education, JOHN WAINSCOTT,
Individually, and as a Member of the Garland County Board of
Education, E. T. SHUFFIELD, Individually, and as a Member of
the Garland County Board of Education; CUTTER MORNING STAR
SCHOOL DISTRICT, FOUNTAIN LAKE SCHOOL DISTRICT, JESSIEVILLE
SCHOOL DISTRICT, LAKE HAMILTON SCHOOL DISTRICT, LAKESIDE SCHOOL
DISTRICT, and MOUNTAIN PINE SCHOOL DISTRICT     DEFENDANTS

ANSWER OF SEPARATE DEFENDANT
HOT SPRINGS SCHOOL DISTRICT NO. 6

Comes the separate Defendant, HOT SPRINGS SCHOOL DISTRICT NO. 6, and for its Answer to the Complaint of the Plaintiff, states as follows:

1. This separate Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 1 because it states the named Plaintiffs' purposes in bringing this action, and therefore denies all allegations in that paragraph.

2. This separate Defendant denies the allegations set out in paragraph 2.

3. This separate Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 regarding the individual Plaintiff, W. T. Davis; therefore, this Defendant specifically denies all allegations set out in paragraph 3 of the Plaintiffs' Complaint. Further, this separate Defendant states specifically that the Plaintiffs have not complied with Rule 24 of the Rules of United States District Court for the Eastern and Western Districts of Arkansas.

4. This separate Defendant denies the allegations set out in paragraph 4 of the Plaintiffs' Complaint.

5. This separate Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 5 of the Plaintiffs' Complaint, as it relates to the named Plaintiff, the Garland County Chapter of the N.A.A.C.P. This Defendant therefore denies those allegations.

6. This separate Defendant admits the allegations set out in paragraph 6 of the Plaintiffs' Complaint.

7. This separate Defendant admits the allegations set out in paragraph 7 of the Plaintiffs' Complaint.

8. This separate Defendant admits the allegations set out in paragraph 8 of the Plaintiffs' Complaint.

9. This separate Defendant admits the allegations set out in paragraph 9 of the Plaintiffs' Complaint.

10. This separate Defendant admits the allegations set out in paragraph 10 of the Plaintiffs' Complaint.

11. This separate Defendant admits the allegations set out in paragraph 11 of the Plaintiffs' Complaint.

12. This separate Defendant admits the allegations set out in paragraph 12 of the Plaintiffs' Complaint.

13. This separate Defendant admits the allegations set out in paragraph 13 of the Plaintiffs' Complaint.

14. This separate Defendant admits the allegations set out in paragraph 14 of the Plaintiffs' Complaint.

15. This separate Defendant admits, Defendant, Garland County Board of Education, is an entity created under the laws of the State of Arkansas. This separate Defendant denies all other allegations set out in paragraph 15 of the Plaintiffs' Complaint.

16. This separate Defendant admits the individual Defendants, identified in paragraph 16 of the Plaintiffs' Complaint, or their successors, are members of the Defendant, Garland County Board of Education and Arkansas State Board of Education. This separate Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Plaintiffs' Complaint and therefore denies those allegations.

PAGE 4

17. This separate Defendant admits, in part, the allegations set out in paragraph 17 of the Plaintiffs' Complaint. Specifically, it admits the existence of Langston High School which was all, or predominantly black. This Defendant specifically denies all other allegations contained in paragraph 17.

18. This separate Defendant denies the allegations set out in paragraph 18 of the Plaintiffs' Complaint.

19. This separate Defendant denies all allegations set out in paragraph 19 of the Plaintiffs' Complaint.

20. This separate Defendant denies the allegations set out in paragraph 20 of the Plaintiffs' Complaint.

21. The allegations set out in paragraph 21 are admitted in part and denied in part. Specifically, this separate Defendant admits it is fully integrated but denies all other allegations set out in paragraph 21.

22. The allegations contained in paragraph 22 are admitted in part and denied in part. Specifically, this separate Defendant admits there are seven school districts within Garland County, Arkansas, which administer and supervise public education within the county. This Defendant further admits the seven school districts operate independently, as permitted and authorized under state law. All other allegations set out in paragraph 22 of the Plaintiffs' Complaint are denied.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 23 of the Plaintiffs' Complaint, and therefore denies those allegations.

24. This separate Defendant denies the allegations set out in paragraph 24 of the Plaintiffs' Complaint.

25. This separate Defendant denies the allegations set out in paragraph 25 of the Plaintiffs' Complaint.

26. This separate Defendant denies the allegations set out in paragraph 26 of the Plaintiffs' Complaint.

27. This separate Defendant denies the allegations set out in paragraph 27 of the Plaintiffs' Complaint.

28. This separate Defendant denies the allegations set out in paragraph 28 of the Plaintiffs' Complaint.

29. This separate Defendant denies the allegations set out in paragraph 29 of the Plaintiffs' Complaint.

30. This separate Defendant denies all material allegations set out in paragraph 30 of the Plaintiffs' Complaint.

31. This separate Defendant denies all material allegations of the Plaintiffs' Complaint, not specifically admitted herein.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS TO PLEAD FURTHER

32. Pursuant to Rule 23, Federal Rules of Civil Procedure, the purported class does not meet the requirements for certification, and the named Plaintiffs do not meet the requirements of Rule 23(a) Federal Rules of Civil Procedure.

33. Plaintiff, the Garland County chapter of the N.A.A.C.P., lacks both standing and capacity to pursue this action.

34. The Plaintiffs' Complaint fails to state a claim under 42 U.S.C. §1981, 1983, 1988 or 2000(d); further, the Plaintiffs' Complaint fails to state a claim under the 14th Amendment to the Constitution of the United States of America. The Complaint of the Plaintiff should, therefore, be dismissed.

35. The Complaint of the Plaintiff fails to state facts upon which relief can be granted as to this separate Defendant. Defendant, HOT SPRINGS SCHOOL BOARD NO. 6, specifically reserves the right to move for dismissal pursuant to Rule 12(b)(6), or for summary judgment, or partial summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

36. This separate Defendant specifically reserves the right, pursuant to Rule 19 and Rule 23, Federal Rules of Civil Procedure, to contest its standing as a party Defendant to this action; and, further, to seek a determination as to whether it is an indispensable party pursuant to Rule 19 both as to a determination of liability, and, as to a determination of a remedy, if any remedy is imposed.

37. The Complaint of the Plaintiff fails to state a claim upon which relief can be granted as to any Defendant herein; further, the Complaint of the Plaintiff fails to state facts upon which the Court can base the Plaintiffs' stated remedy.

38. This separate Defendant specifically reserves the right to amend its pleadings or supplement its pleadings upon discovery; further, this Defendant reserves the right to file such counter-claims, cross-claims or third party complaints as may be appropriate after discovery herein.

## ANSWER TO PLAINTIFF'S
## REQUEST FOR RELIEF

1. This separate Defendant denies all allegations set out in paragraph 1.

2. This separate Defendant denies all allegations set out in paragraph 2, and states affirmatively that there have been no inter-district, constitutional violations which would warrant or mandate an inter-district remedy.

3. This separate Defendant denies all allegations set out in paragraph 3 and states affirmatively that it should be awarded its costs and reasonable attorney fees pursuant to 48 U.S.C. §1988 and Rule 11 of the Federal Rules of Civil Procedure.

4. This separate Defendant denies all allegations set out in paragraph 4 and states affirmatively that the Complaint of the Plaintiff should be dismissed.

WHEREFORE, separate Defendant, HOT SPRINGS SCHOOL DISTRICT NO. 6, prays that the Complaint of the Plaintiffs be dismissed, for their costs, reasonable attorney fees and all other just and proper relief.

HOT SPRINGS SCHOOL DISTRICT,
Separate Defendant

EVANS, FARRAR, REIS & LOVE
600 West Grand, Suite 201
Hot Springs, Arkansas 71901
(501) 623-4441
BY: BRYAN J. REIS AND
    DAVID M. LOVE

BY: /s/ Bryan J. Reis
    BRYAN J. REIS

## CERTIFICATE OF SERVICE

I, Bryan J. Reis, one of the attorneys for the separate Defendant herein, do hereby certify that copies of the foregoing Answer have been served on the following persons by depositing copies thereof in the United States mail, postage prepaid, addressed to them, on this 13th day of October, 1989.

Don Schnipper
Attorney at Law
123 Market Street
Hot Springs, AR  71901

Hayes McClerkin
Attorney at Law
#6 State Line Plaza
Texarkana, AR  75502

Robert Hargraves
Attorney at Law
Suite A, 300 Exchange
Hot Springs, AR  71901

Q. Byrum Hurst, Jr.
Attorney at Law
201 Woodbine
Hot Springs, AR  71901

Paul L. Cherry
Attorney at Law
200 Tower Building
Fourth & Center Streets
Little Rock, AR  72201

Ed McCorkle
Attorney at Law
P.O. Box 607
Arkadelphia, AR  71923

Sam Jones
Attorney at Law
2200 Worthen Bank Bldg.
Little Rock, AR  72201

Dan F. Bufford
Attorney at Law
One Spring Street
Suite 300
Little Rock, AR  72201

Ray Owen, Jr.
Attorney at Law
OneBank Building
Hot Springs, AR  71901

BRYAN J. REIS