U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
F I L E D
NOV 30 1989
CHRIS R. JOHNSON, Clerk
By *[signature]*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

W. T. DAVIS, ET AL                                    PLAINTIFFS

V.                        NO. 89-6088

HOT SPRINGS SCHOOL DISTRICT, ET AL            DEFENDANTS

ANSWER OF SEPARATE DEFENDANTS STATE OF ARKANSAS,
ARKANSAS STATE BOARD OF EDUCATION,
EARLE LOVE, L. D. HARRIS,
JEFF STARLING, ROBERT L. NEWTON,
DR. HARRY P. MCDONALD, RAE PERRY,
ELAINE SCOTT, WALTER TURNBOW, AND NANCY WOOD

    Come the separate defendants, State of Arkansas, Arkansas State Board of Education, Earle Love, L. D. Harris, Jeff Starling, Robert L. Newton, Dr. Harry P. McDonald, Rae Perry, Elaine Scott, Walter Turnbow, and Nancy Wood, by and through counsel, Steve Clark, Attorney General, and Tim Humphries, Assistant Attorney General, and answer the Complaint as follows:

    1.   Separate defendants are without knowledge or information sufficient to form a belief as to the averments contained in paragraph 1 of the Complaint.

    2.   Separate defendants deny the allegations contained in paragraph 2 of the Complaint.

    3.   Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint.

    4.   Separate defendants respectfully request that the Court not certify this action as a class action because the

prerequisites to Rule 23 of the Federal Rules of Civil Procedure have not been met by the plaintiffs. Further, separate defendants specifically state that the plaintiffs have not complied with Rule 24 of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas, regarding class action litigation.

5. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint.

6. Separate defendants admit that the State of Arkansas maintains free public education for school age children within the State of Arkansas, as alleged in paragraph 6 of the Complaint. The remainder of paragraph 6 contains allegations regarding the language of Article 14 of the Constitution of the State of Arkansas and separate defendants assert that the Arkansas Constitution speaks for itself and no answer is, thus, required.

7. Separate defendants admit the allegation contained in paragraph 7 of the Complaint.

8. Separate defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Separate defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Separate defendants admit the allegations contained in paragraph 10 of the Complaint.

11.  Separate defendants admit the allegations contained in paragraph 11 of the Complaint.

12.  Separate defendants admit the allegations contained in paragraph 12 of the Complaint.

13.  Separate defendants admit the allegations contained in paragraph 13 of the Complaint.

14.  Separate defendants admit the allegations contained in paragraph 14 of the Complaint.

15.  Separate defendants admit that the Garland County Board of Education is an entity created under the laws of the State of Arkansas.  Separate defendants deny all other allegations contained in paragraph 15 of the Complaint.

16.  Separate defendants admit that the individual defendants identified in paragraph 16 of the Complaint or their successors are members of the defendant Garland County Board of Education and the State Board of Education.  Separate defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17.  Separate defendants deny the allegations contained in paragraph 17 of the Complaint.

18.  Separate defendants deny the allegations contained in paragraph 18 of the Complaint.

19.  Separate defendants deny the allegations contained in paragraph 19 of the Complaint.

20.  Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the Complaint.

21. Separate defendants admit that the public schools in the City of Hot Springs are integrated. Separate defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Separate defendants admit that there are seven separate school districts within Garland County, Arkansas, which are attended by approximately 11,000 students. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 22 of the Complaint.

23. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint merely characterize the relief that plaintiffs seek and no answer is required. To the extent an answer may be required, however, separate defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of the Complaint.

26. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of the Complaint.

27. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the

averments contained in paragraph 27 of the Complaint.

28. Separate defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Separate defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint merely characterize the relief sought by plaintiffs and, therefore, no answer is required. To the extent an answer may be required, however, separate defendants deny that plaintiffs are entitled to the relief sought.

31. Separate defendants deny that plaintiffs are entitled to the relief sought in the Complaint, paragraphs 1-4, pages 11-13.

32. Separate defendants deny all material allegations of the Complaint not specifically admitted herein.

33. Affirmatively, separate defendants plead that the purported class does not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for certification and the named plaintiffs do not meet the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

34. Affirmatively, separate defendants plead that the plaintiff, Garland County Chapter of NAACP lacks both standing and capacity to pursue this action.

35. Affirmatively, separate defendants plead that the Complaint fails to state a claim upon which relief may be

4161g

granted and should, therefore, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

36. Affirmatively, separate defendants plead that this action is barred by the Eleventh Amendment.

37. Separate defendants specifically reserve the right to amend their pleadings or supplement their pleadings upon discovery, and reserve the right to file such counterclaims, cross claims or third party complaints as appropriate after discovery herein.

WHEREFORE, separate defendants pray that the Complaint be dismissed, for their costs and all other just and appropriate relief.

Respectfully submitted,

STEVE CLARK
Attorney General

BY: _____
TIM HUMPHRIES, #84080
Assistant Attorney General
200 Tower Building
Fourth and Center Streets
Little Rock, AR 72201
(501) 682-2007
Attorneys for Separate Defendants

_____
SHARON CARDEN STREETT, #81150
Arkansas Dept. of Education
#4 State Capitol Mall
Room 305-A
Little Rock, AR 72201-1071
(501) 682-4227
Attorneys for State Board of Education

- 6 -

4161g

## CERTIFICATE OF SERVICE

I, Tim Humphries, Assistant Attorney General, do hereby certify that I have served the foregoing by mailing a copy of same, U.S. Mail, postage prepaid, to:

Bryan J. Reis and
David M. Love
Evans, Farrar, Reis & Love
600 West Grand, Suite 201
Hot Springs, AR 71901

Don Schnipper
Attorney at Law
123 Market Street
Hot Springs, AR 71901

Ed McCorkle
Attorney at Law
P. O. Box 607
Arkadelphia, AR 71923

Hayes McClerkin
Attorney at Law
#6 State Line Plaza
Texarkana, AR 75502

Sam Jones
Attorney at Law
2200 Worthen Bank Bldg.
Little Rock, AR 72201

Robert Hargraves
Attorney at Law
Suite A, 300 Exchange
Hot Springs, AR 71901

Dan F. Bufford
Attorney at Law
One Spring Street, Suite 300
Little Rock, AR 72201

Q. Byrum Hurst, Jr.
Attorney at Law
201 Woodbine
Hot Springs, AR 71901

Ray Owen, Jr.
Attorney at Law
OneBank Building
Hot Springs, AR 71901

on this 30th day of November, 1989.

TIM HUMPHRIES

- 7 -

4161g