IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

W.T. DAVIS, ET AL.                                            PLAINTIFFS

VS.                        NO. 89-6088

HOT SPRINGS SCHOOL DISTRICT, ET AL.                           DEFENDANTS

## ORDER AND MEMORANDUM

### Introduction

This action was commenced on August 18, 1989. After a period of discovery and settlement negotiations, the parties entered into the Comprehensive Garland County School Desegregation Settlement (the Settlement Agreement) on November 25, 1991. The Agreement was filed with the court on November 25, 1991 and the Court, on February 3, 1992, issued its order scheduling a fairness hearing to consider the agreement.

The parties caused notice of the hearing to be published in the Hot Springs Sentinel Record on February 16, 1992. The notice summarized the essential terms of the settlement agreement. Thereafter, the fairness hearing was conducted on March 30, 1992.

### Findings of Fact

1. The fairness hearing was appropriately noticed and reasonable opportunity for objections to be filed and heard was provided.

2. The notice of the hearing drew but a single written response, which response, while not necessarily posed as an objection, nevertheless was addressed by the parties and considered by the Court.

3. No persuasive objections were made to the Settlement Agreement or presented to the Court.

4. The Court has considered the Settlement Agreement in its entirety, the oral and written presentations of the parties, a reaction to the Settlement Agreement filed March 13, 1992 and the comments of those who appeared at the fairness hearing. Based upon all the foregoing, the Court finds that the Settlement Agreement is fair and reasonable, that it affords appropriate relief to the plaintiff class and that it is hereby approved as written and submitted by the parties.

5. The Court has considered the Release proposed by the parties, finds it to be fair, reasonable and appropriate, directs that the parties enter into it and that a fully signed copy be filed with the Clerk.

6. The court has considered the attorneys fee to be paid to counsel for the plaintiff class, finds it to be fair and reasonable under all of the circumstances of this case, and approves its payment as outlined in the Settlement Agreement.

## Conclusions of Law

1. The United States Court of Appeals for the Eighth Circuit has squarely addressed the standards applicable to a

district court's consideration of a proposed settlement agreement in a desegregation case. "A strong public policy favors agreements, and courts should approach them with a presumption in their favor." Little Rock School District v. Pulaski County Special School District, et al., 921 F.2d 1371 at 1383, 1388 (8th Cir. 1990). Nothing has been presented to this court to vitiate this presumption of constitutionality and appropriateness outlined by the Court of Appeals.

2.   All parties with a direct stake in the outcome of this litigation have been represented and have been heard by the court and are bound not only by the terms of the agreement but by the dismissal of this action.

3.   The Court has previously entered its order finding that the plaintiff class and counsel are appropriate representatives of those for whom relief was sought in this action.  While there was no appeal from that order and those findings, the Court nevertheless reconfirms the vitality of that order for purposes of this agreement.

4.   The plaintiff class as approved has agreed to release the districts and the State from all liability for issues which have been raised in this litigation and has committed there will be no further litigation among or between the parties other than proceedings necessary, if any, to enforce the terms of this Agreement.

3

6. Accordingly, this action should be dismissed with prejudice on the merits but without prejudice to any of the parties to petition this court to reopen this case solely to enforce the terms of the Settlement Agreement.

7. In all other respects, dismissal of this action represents a final order terminating these proceedings and extinguishing all claims which have been raised or which could have been raised in this action.

### Conclusion

For all of the foregoing reasons, and subject to the provisions above described, this action is hereby dismissed with prejudice, each party to bear its own costs.

SO ORDERED this 28th day of April, 1992.

H. Franklin Waters
United States District Judge

U: S: DISTRICT COURT.
WESTERN DIST. ARKANSAS.
   F I L E D

MAY 1 1992
CHRIS R. JOHNSON, Clerk
By _____
   Deputy Clerk

COB/36/111

4