RECEIVED
ATTORNEY'S OFFICE
JUN 14 2004
DEPARTMENT OF EDUCATION
GENERAL DIVISION

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

W.T. DAVIS, individually, and on Behalf of a
Class of Taxpayers of Garland County, Arkansas,
Similarly Situated, and the GARLAND COUNTY
CHAPTER OF THE N.A.A.C.P.                                                PLAINTIFFS

v.                              Case No. 89-6088

HOT SPRINGS SCHOOL DISTRICT,                                             DEFENDANTS
STATE OF ARKANSAS, ARKANSAS STATE
BOARD OF EDUCATION, and EARLE LOVE,
Individually, and as a Member of the Arkansas
State Board of Education, L.D. HARRIS, Individually,
And as a Member of the Arkansas State Board of
Education, JEFF STARLING, Individually and as a
Member of the Arkansas State Board of Education,
ROBERT L. NEWTON, Individually, and as a
Member of the Arkansas State Board of Education,
DR. HARRY P. McDONALD, Individually, and as
Member of the Arkansas State Board of Education,
RAE PERRY, Individually, and as a Member of the
Arkansas State Board of Education, ELAINE SCOTT,
Individually, and as a Member of the Arkansas State
Board of Education, WALTER TURNBOW,
Individually, and as a Member of the Arkansas
State Board of Education, NANCY WOOD,
Individually, and as a Member of the Arkansas
State Board of Education; GARLAND COUNTY
BOARD OF EDUCATION; and VAN SMITH,
Individually and as a Member of the Garland County
Board of Education; CARL JOHNSON, Individually
and as a Member of the Garland County Board of
Education; FLORA KIMBALL, Individually, and as
A Member of the Garland County Board of Education;
IRA LIVERS, Individually, and as a Member of the
Garland County Board of Education, JOHN WAINSCOTT,
Individually, and as a Member of the Garland County
Board of Education; E. T. SHUFFIELD, Individually
and as a Member of the Garland County Board of

1

Education; CUTTER MORNING STAR SCHOOL DISTRICT; FOUNTAIN LAKE SCHOOL DISTRICT; JESSIEVILLE SCHOOL DISTRICT; LAKE HAMILTON SCHOOL DISTRICT; LAKESIDE SCHOOL DISTRICT; and MOUNTAIN PINE SCHOOL DISTRICT.

## PETITION FOR RELIEF FROM SETTLEMENT AGREEMENT AND ORDER; FOR CONTEMPT AND OTHER SANCTIONS

Comes now the Plaintiffs and for their Petition for Relief From the Settlement Agreement and Order; Contempt and For Other Sanctions they state and allege:

1. That the parties hereto entered into a Settlement Agreement and Order on October 25, 1994.

2. That as part of that Order the Arkansas Department of Education was to submit a written monitoring report each year to the Court and the parties in order that the parties could adequately evaluate the success of the Settlement Agreement that was entered into between the parties.

3. That for several years the Plaintiffs have been concerned that there has been no meaningful compliance by the parties with the Settlement Agreement. Particularly, there has been no measurable progress by the Hot Springs School District to engage in successful minority hiring. Furthermore, there have been no basic changes within any of the school districts within Garland County.

[handwritten margin note: "not really directed at the monitoring report"]

4. It now appears that the Defendants are ignoring the spirit and intent of the Settlement Agreement, and the Plaintiffs desire to reinstate the litigation and that the Court rescind the Settlement Agreement and Order allowing the Plaintiffs to pursue its initial relief.

2

5. That the Plaintiffs submit that in the last monitoring report, Elmer Beard has been identified as a member of each Garland County School District's Equity Committee, and yet Mr. Beard has not been contacted by any school district in the county about any committee meetings. Furthermore, Mr. Beard, as President of the NAACP, has not been invited to meet with the Garland County Superintendents Consortium since December of 2001.

*[handwritten margin note: ADE - not in consortium]*
*[handwritten margin note: has Beard asked to meet?]*

6. That the Plaintiffs submit that the Defendants are in contempt of court in the following specific areas:

*[handwritten margin note: - not Stk]*

    A. Failure to discuss consolidation during regular consortium meetings.

    B. 6.1% of African Americans are on the certified staff of the Hot Springs School District. The district as 343 certified staff members, and this is completely out of balance with the intent of the Settlement Agreement.

    C. The Equity Committee has failed to contact the NAACP regarding meetings or actions within the school districts.

    D. A representative of NAACP has not been invited to attend a consortium meeting since May of 2002.

*[handwritten margin note: nothing on/ADE]*

7. Clearly, the number of staff personnel and the number of minority certified staff is indicative enough of the failure of the Defendants to take this Settlement Agreement seriously. The Plaintiffs submit that the Settlement Agreement has become a

subtrofuge and that the Defendants are using it to keep any meaningful action from occurring.

*[margin note: specifically not called for by S.A.]*

8. That the Plaintiffs further submit that the Defendants have failed and refuse to discuss consolidation of school districts at any time since the entry of the Settlement Agreement.

9. That the Plaintiffs alleged in their initial cause of action that there is a great waste of resources in Garland County. There are seven independent school districts in Garland County alone. These seven districts are supervised by seven different school superintendents and seven different administrations. Often bus routes criss cross between school districts. Some districts are in extremely close proximity to others and it makes no economic sense that these districts would require seven different superintending staffs.

10. That the Plaintiffs submit that transportation and communications have dramatically changed since the formation of the seven different school districts. Furthermore, the reality is that funding is more difficult than it has ever been for school districts and there could be a tremendous amount of savings by the consolidation of the seven different school districts into one district known as the Garland County School District eliminating the need and expense of a superintendent for each district.

11. That the savings in funds could be devoted to enhancement of minority recruiting and a better education for the students through better resources and facilities.

12. That as part of its Petition, the Plaintiffs would again ask this honorable Court to order the consolidation of these school districts as this Court has jurisdiction to not only enforce the Settlement Agreement entered into between parties, but to provide

4

whatever sanctions may be necessary to ensure that the intent and spirit of the Settlement Agreement is carried out.

13. That these Plaintiffs submit that without the Court taking this drastic remedy the Defendants will continue to ignore the Settlement Agreement and ignore the object of the parties' prior agreement in attempting to resolve this litigation.

14. That the Plaintiffs submit that the Defendants have used a Settlement Agreement to persuade the Plaintiffs to cease their efforts at litigation. It appears that they had no real intent to carry out the agreement, and therefore the Court should order what sanctions are necessary including payment of attorney's fees, costs and expenses as a result of the Plaintiffs being required to reinstate this litigation.

15. The spirit and intend of the Settlement Agreement was to further efforts to provide minority students with equal educational opportunities. The present system has proven to be unworkable as each separate and distinct district has its own policies concerning minority hiring and minority recruitment. Furthermore, there are educational matters surrounding such functions as "alternative school" which is sometimes referred to as the "summit" school which has not been administered fairly with minority students but in fact instead of an educational tool has become a form of punishment or "reform school" for primarily black students. That the only resolution to the correction of these matters is for the Court to consolidate the administration, to develop one policy governing minority recruitment and minority hiring.

WHEREFORE, the Plaintiffs pray that this honorable Court grant their Petition to Rescind the previous Settlement Agreement; hold the Defendants in contempt of this Court; that the Court enter an Order consolidating all school districts within Garland

County under one superintending management; that the Court enter other sanctions necessary as a result of the Defendants' breach of their Settlement Agreement; and for Plaintiffs' attorney's fees, costs and expenses; and for all other just and proper relief to which Plaintiffs may be entitled.

Respectfully Submitted,
W.T. DAVIS, et al., Plaintiffs

Q. Byrum Hurst, Jr., Bar# 74082
Hurst & Morrissey, P.L.L.C.
213 Woodbine
Hot Springs, AR 71901
(501) 623-2565 / Fax (501) 623-9391

## CERTIFICATE OF SERVICE

I, Q. Byrum Hurst, Jr., hereby certify that a copy of the foregoing was mailed via United States Mail, postage prepaid, on all interested parties on the 8th day of May, 2004, addressed as follows:

Theresa Dixon, Esq.
Arkansas Dept. of Education
#4 Capitol Mall, Room 404-A
Little Rock, AR 72201

Brian J. Reis, Esq.
The Farrar Firm
135 Section Line Rd., Box 5
Hot Springs, AR 71913

Don Schnipper, Esq.
123 Market Street
Hot Springs, AR 71902

Ed McCorkle, Esq.
929 Main Street
Arkadelphia, AR 71923

Hayes McClerkin, Esq.
State Line Plaza, Suite #6
Texarkana, AR 75502

M. Samuel Jones, III, Esq.
200 W. Capitol, Suite 2200
Little Rock, AR 72201-3699

Ray Owen, Jr., Esq.
320 Ouachita Ave.
Hot Springs, AR 71901

Dan Bufford, Esq.
101 S. Spring Street, Suite 300
Little Rock, AR 72201

*[signature]*

# ARKANSAS DEPARTMENT OF EDUCATION

## FAX TRANSMISSION

OFFICE OF LEGAL COUNSEL
#4 CAPITOL MALL, ROOM 404-A
LITTLE ROCK, AR 72201
501-682-4227
FAX: 501-682-4249

TO: Mark Hagemier, Tristan Greene, Tim Gauger

FAX NO.: _____

SUBJECT: Received this information on June 14, 2004

# OF PAGES (INCLUDING COVER): 8

If you do not receive all pages or if you have trouble receiving the transmission, please call 501-682-4227.

---

\* Note: Certificate of service June 8

\* Note: Scott will be out of the office for the next several days. If you need to contact him please call call him on his cellular phone.

From the desk of:

Scott Smith
Legal Counsel

Date: 6/15/04