IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

W.T. DAVIS, *et al.*                                                            PLAINTIFFS

v.                         Case No. 89-CV-06088

HOT SPRINGS SCHOOL DISTRICT, *et al.*                                           DEFENDANTS

AARON GORDON, *et al.*                                                          INTERVENORS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are a Motion for Relief from Judgment (Doc. 174) and Brief in Support (Doc. 175) filed by six Separate Defendant school districts: Cutter Morning Star School District, Fountain Lake School District, Jessieville School District, Lake Hamilton School District, Lakeside School District, and Mountain Pine School District ("Movants"); a Response (Doc. 177) filed by Separate Defendants the State of Arkansas, the Arkansas State Board of Education, and the Commissioner of Education; a Response in Opposition (Doc. 178) and Brief (Doc. 179) filed by Separate Defendant Hot Springs School District; and a Response in Opposition (Doc. 183) and Brief (Doc. 184) filed by Plaintiffs.[1]  The Court held a hearing on March 27, 2015, to permit the parties to present their

---

[1] Throughout this Order, references to "Plaintiffs" includes all Plaintiffs and Intervening Plaintiffs.

arguments in connection with the Motion. All parties were represented by counsel in open court.

This matter originated as a class action lawsuit filed in this Court on August 18, 1989, alleging that Garland County maintained a racially segregated public school system in violation of the Fourteenth Amendment and 42 U.S.C. §§ 1981-1983. (Doc. 1). Two years later, on November 25, 1991, the parties entered into the Garland County School Desegregation Case Comprehensive Settlement Agreement (the "Agreement"). The Agreement included a provision whereby the parties would implement the Arkansas School Choice Act of 1989, Ark. Code Ann. § 6-18-206 (repealed 2013). The 1989 Act established a public school choice program that allowed students to apply to attend a school outside their resident district, but included a race-based limitation on such transfers. After a fairness hearing, the Court entered an order (Doc. 82) on April 28, 1992[2] approving the Agreement and dismissing the case with prejudice on the merits.

On May 22, 2013, Movants filed a petition for declaratory relief following the Arkansas legislature's repeal of the 1989 Act with the Arkansas Public School Choice Act of 2013.[3] The

---

[2] The order approving the Agreement and dismissing the case was signed by Judge Waters on April 28, 1992 and filed on the record on May 1, 1992.

[3] The repeal of the 1989 Act followed this Court's June 12, 2012 decision in *Teague v. Arkansas Board of Education*, 873 F. Supp. 2d 1055 (W.D. Ark. 2012),

2013 Act removed the race-based limitation on public school choice transfers and included a provision that the receiving district shall not discriminate on the basis of gender, national origin, race, ethnicity, religion, or disability. However, it only permitted nonresident transfers "provided that the transfer by the student does not conflict with an enforceable judicial decree or court order remedying the effects of past racial segregation in the school district." Ark. Code Ann. § 6-18-1901(b)(3).

In the 2013 petition, Movants argued that "the import [of entering the settlement agreement and obtaining Court approval thereof] was to incorporate by reference the language, terms and provisions of the 1989 Act as a consent desegregation plan of the Court applicable to all public school districts within Garland County, Arkansas, for the purpose of remedy [sic] the vestiges of prior *de jure* racial segregation within the public education system of Garland County, Arkansas." (Doc. 161, p. 6). They also argued that neither the judicial decision nor the 2013 Act has any impact on the efficacy of the Court's 1992 Order. The Court agreed and granted Movants the requested declaratory relief on June 10, 2013, finding that "the

---

*vacated sub nom. Teague v. Cooper,* 720 F.3d 973 (8th Cir. 2013), which held that the race-based transfer limitation in the 1989 Act violated the Equal Protection Clause of the Fourteenth Amendment. The District Court's decision was rendered moot by the Eighth Circuit following the passage of the School Choice Act of 2013.

Settlement Agreement constitutes a court-approved desegregation plan that should remain in effect despite recent changes to the law on which the Settlement Agreement was partly based." (Doc. 168, p. 4).

On August 25, 2014, the same Movants then filed the instant Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(5), seeking termination of the Agreement and relief from the Court's 1992 Order in its entirety on grounds that it is no longer just or equitable to give the 1992 Order or the Agreement prospective application in light of the repeal of the 1989 Act.

"Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). Under this Rule, "a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Id.*

Although the Court's 1992 Order terminated the case and reflected that the parties could only petition to reopen the case for the purpose of enforcement of the Agreement, "[a] court of equity always retains discretion to modify an injunction,

including a consent decree, 'when changed factual conditions make compliance with the decree substantially more onerous . . . when a decree proves to be unworkable because of unforeseen obstacles . . . or when enforcement would be detrimental to the public interest.'" *Smith v. Bd. of Educ. of Palestine-Wheatley Sch. Dist.*, 769 F.3d 566, 572 (8th Cir. 2014) (quoting *Rufo*, 502 U.S. at 391). "*Rufo* and its progeny grant federal courts of equity substantial flexibility to adapt their decrees to changes in the facts or law, particularly in institutional reform litigation, where the public interest is paramount." *Id.*

Movants have made clear in their filings and at the hearing that they are not seeking a modification of the Agreement. Rather, they seek to "terminate finally the 1992 Order, and relieve the parties of their obligations under the Settlement Agreement." (Doc. 175, p. 23).[4]

Courts may "relinquish continuing jurisdiction to ensure compliance with a desegregation consent decree when the moving party has demonstrated full compliance." *Smith*, 769 F.3d at 572. The "core of the termination standard" is "whether the vestiges of past discrimination ha[ve] been eliminated to the extent practicable." *Id.*

---

[4] At the hearing, Movants' Counsel expressed his belief that relief from the Court's 2013 Order providing declaratory relief was not necessary or particularly relevant to the pending Motion for Relief.

After consideration of the record and arguments presented, the Court finds that Movants have not established that termination of the Agreement and relief from the 1992 Order is warranted.  Movants assert that they have fully complied with the Agreement and the Court's 1992 Order.  However, an assertion of compliance does not justify the remedy of termination.  Movants have not submitted any evidence to demonstrate full compliance with the Agreement, nor have they offered any proof that the vestiges of past discrimination have been eliminated.[5]  Accordingly, Movants have not met the standard for termination of a desegregation decree under *Smith*.

Although Movants argue that continued application of the Agreement would be unjust, the only example provided is the situation of one Garland County resident whose children's public school choice applications were denied by Mountain Pine School District in 2014 under the 1989 Act.  The Court cannot conclude that this single example justifies the termination of a settlement agreement that has been in place for decades.

For the reasons set out above, the Motion for Relief from Judgment (Doc. 174) filed by Separate Defendants Cutter Morning Star School District, Fountain Lake School District, Jessieville

---

[5] Also, Defendant Hot Springs School District has provided evidence that the Garland County school districts remain racially identifiable.  These documents include comparison tables that present Garland County School Districts' enrollment by race for school years 2004-05, 2010-11, 2011-12, 2012-13, and 2013-14 (Doc. 179-1) and the Arkansas Department of Education's Public School Choice Act of 2013 Net/Gain Loss Report (Doc. 179-2).

School District, Lake Hamilton School District, Lakeside School District, and Mountain Pine School District is **DENIED**.

Furthermore, the Motion for Relief from Making a Personal Appearance (Doc. 192) filed by Plaintiffs' Counsel is **DENIED AS MOOT**.

IT IS SO ORDERED this 31st day of March, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge